1

2-CIT-ESERVE

DALLAS COUN
2/13/2019 3:16
FELICIA PIT
DISTRICT CLE

Case 3:19-cv-00663-B   Document 1-3   Filed 03/15/19   Page 2 of 7   PageID 15

NO. _____ DC-19-02211              Marcus Turner

| | | |
|---|---|---|
| **C-BONS INTERNATIONAL GOLF GROUP, INC.** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **LEXINGTON INSURANCE CO., and** | § | |
| **WILLIS TOWERS WATSON US, LLC** | § | |
| | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

## ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW C-BONS INTERNATIONAL GOLF GROUP, INC., Plaintiff (hereinafter referred to as "Plaintiff") and files this its Original Petition in the above referenced cause complaining of Defendants LEXINGTON INSURANCE CO. ("Lexington") and WILLIS TOWERS WATSON US, LLC ("Willis") and in support of same would show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

This case is intended to be conducted under discovery Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II.

### RULE 47 - DAMAGES

This Petition seeks monetary relief of over $1,000,000.

### III.
### PARTIES AND SERVICE

Plaintiff, is a foreign Corporation doing business in Dallas County, Texas.

Defendant Lexington Insurance Co.("Lexington") is believed to be a foreign corporation doing business in Texas, but it does not maintain a registered agent in Texas and thus may be served by service of process on the Commissioner of Insurance of Texas as follows: Commissioner of Insurance, Chief Clerk Office, 333 Guadalupe St., MC113-2A, P.O. Box 149104, Austin, Travis County, Texas 78714-9104. Lexington Insurance Co.'s known address is Andrew Jacobson, Clausen, Miller, PC., located at 28 Liberty Street 39th Floor New York, New York 10005.

Defendant Willis Towers Watson US, LLC ("Willis"), is believed to be a foreign limited liability company doing business in Texas.  This Defendant may be served by service of process on its registered agent Corporation Service Company, d/b/a CSC Lawyers Incorporation Service Company, 211 E. 7th Street, Suite 620,  Austin, Texas 78701-3218.

## IV.
## JURISDICTION

Jurisdiction is proper in this Court since this cause of action arises out of a breach of contract action and/or out of torts which were performable in whole or in part and/or which have occurred in whole or in part in the State of Texas.

## V.
## STATEMENT OF FACTS APPLICABLE TO ALL CAUSES OF ACTION

On and after August 25, 2017 Hurricane Harvey made land fall in and around the city of Houston, Texas.  Plaintiff's many golf courses were damaged as a result.  The properties owned by Plaintiff which were damaged as a result of the storm were insured by Defendant Lexington. Defendant Willis acted as broker/agent in obtaining the insurance policy between Defendant Lexington and Plaintiff. After the storm, Plaintiff made a claim with its insurer, Defendant Lexington.  While Lexington has partially compensated Plaintiff for its damages, Lexington

refused to fully compensate Plaintiff for all of its damages which are covered by the insurance policy. Plaintiff contends that Defendant Lexington has not offered to pay policy limits in good faith for damages incurred. Plaintiff contends that in the alternative, if certain damages are in fact not covered by the insurance policy provided by Defendant Lexington, then Defendant Willis negligently, intentionally, and/or recklessly misrepresented to Plaintiff that Plaintiff was fully covered for the type of loss sustained in the storm at the time Plaintiff purchased the policy, and thereafter. To date, Plaintiff's claim damages of over $10,000,000. Plaintiff is also seeking reasonable and necessary attorney's fees incurred as a result of Defendants' conduct.

All conditions precedent to Plaintiff's claims have occurred, been satisfied and/or waived.

## VI.
## CAUSES OF ACTION

Plaintiff repeats and re-alleges all of the foregoing paragraphs and all subsequent paragraphs as if fully copied and set forth at length herein and further shows as follows:

Plaintiff sues Defendants, jointly and severally, for breach of contract, negligence, negligent misrepresentation, declaratory judgment, tortious interference with business relations (existing and/or potential), conspiracy, fraud, fraud in inducement, fraudulent concealment, deceptive trade practices and violations of the Texas deceptive Trade Protective Act §17.50, et seq. TEX.BUS & Comm.C., and violations of the Texas Insurance Code §541-542, et seq., Texas Insurance Code, and breach of fiduciary duty and/or special relationship.

As a result of Defendants' conduct, the damage suffered by Plaintiff includes, but is not limited to damages for (1) physical injury to or the destruction of tangible property including the loss of use thereof at any time resulting therefrom; or (2) loss of use of tangible property which has not been physically injured or destroyed, but such loss of use was caused by the negligence and/or an accident of Defendant(s) which occurred in the aforementioned years.

Plaintiff seeks judgment against the Defendants, jointly and severally, in an amount of money which is within the jurisdictional limits of this Court and which was caused by the Defendants.

## VII.
## DAMAGES

Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully copied and set forth at length herein and further shows as follows:

Plaintiff seeks recovery of all damages to which it may be entitled to at law or in equity, including but not limited to the following: direct, indirect, actual, special, general, consequential, reliance, expectancy, benefit of bargain, lost profits, past and future damages, and other damages of every nature and type which were the result of Defendants' actions in this case, including multiple damages under the Texas Deceptive Trade Practices Act or the Insurance Code, Plaintiff seeks recovery of an amount within the jurisdiction of the Court.

## VIII.
## PREJUDGMENT INTEREST

Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully copied and set forth at length herein and further shows as follows:

Plaintiff seeks prejudgment interest on all sums due and owing Plaintiff from the first available date after Plaintiff was damaged and/or injured until judgment is rendered. Plaintiff seeks the highest legal rate allowable by law. Also, Defendant(s), as fiduciaries are obligated to pay Plaintiff to the highest legal rate of prejudgment interest allowed by law.

Plaintiff is entitled to prejudgment interest for their claims as follows:

(1)     for prejudgment interest, jointly and severally, from the Defendant(s) for breach of contract from the date of the breach until date of judgment.

(2)     for prejudgment interest from the Defendant(s), jointly and severally, for injury

and other damage suffered by Plaintiff from 6 months from the date of the injury/damage

was noticed until date of judgment.

## IX.
## EXEMPLARY AND PUNITIVE DAMAGES

Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully copied and set

forth at length herein and further shows as follows:

Defendants' conduct as heretofore alleged was grossly negligent, intentional, willful,

wanton, malicious and/or done recklessly, done with malice, and done with disregard for the

rights of Plaintiff. Plaintiff seeks recovery of punitive and/or exemplary damages, for which

Plaintiff seeks judgment from Defendant(s), in the maximum amount allowed by law, and in an

amount of money that is within the jurisdictional limits of this Court.

## X.
## ATTORNEY'S FEES

Plaintiff has retained the services of the undersigned licensed attorneys to assist it in the

investigation, prosecution and defense of this cause. As such Plaintiff seeks reasonable and

necessary attorney's fees from Defendant(s), jointly and severally, for defense of the underlying

lawsuit and/or for the investigation and prosecution of this action through trial of this cause.

Further, Plaintiff seeks reasonable and necessary attorney's fees from Defendant(s), jointly and

severally, should this case be appealed to the Court of Appeals in an amount that is within the

jurisdictional limits of this Court. Further, Plaintiff seeks reasonable and necessary attorney's

fees from Defendant(s), jointly and severally, should this case be appealed to the Texas Supreme

Court. Further, Plaintiff seeks reasonable and necessary attorney's fees from Defendant(s) should

any appeal of this cause be made to appellate courts of all levels. Plaintiff is entitled to attorneys'

fees pursuant to §38.001 et seq. Texas Civil Practices & Remedies Code; The Texas Deceptive Trade Practices Act; The Texas Declaratory Judgment Act (§37.001, et seq. CPRC); The Texas Insurance Code and any other statutory or common law remedy for attorneys' fees.

WHEREFORE, PREMISES CONSIDERED Plaintiff requests that Defendants be cited and noticed to appear and that after their appearance this matter be set for final hearing and upon such final hearing, Plaintiff have judgment against Defendants, jointly and severally, for:

1. Declaratory judgment against Defendants, jointly and severally, as requested hereinabove;

2. All actual, compensatory, consequential, reliance and/or expectancy damages proximately caused by Defendants, jointly and severally; and/or specific performance, and multiple damages allowed by statue;

3. Plaintiff be awarded actual, punitive, exemplary, mental anguish, multiple and all other damages requested hereinabove against Defendants, jointly and severally;

4. Plaintiff be awarded a reasonable attorney's fee as prayed for hereinabove;

5. Plaintiff prays for prejudgment and post-judgment interest at the highest legal rate allowable by law between said parties and/or pursuant to the insurance code;

6. Costs of suit; and/or

7. Plaintiff prays for general relief.

Respectfully Submitted,

*/s/ Joseph E. Ackels, Sr.*
JOSEPH E. ACKELS, SR.
State Bar No. 00829980
ACKELS & ACKELS, L.L.P.
3030 LBJ Freeway, Suite 1550
Dallas, Texas 75234
Tel: (214) 267-8600
Fax: (214) 267-8605
joe@ackelslaw.com
Attorney for Plaintiff